No. 10-50744

_____

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

**KUJOE AGYEI-KODIE,**

Petitioner - Appellant,

v.

**ERIC H. HOLDER, JR., United States Attorney General, et al.,**

Respondents - Appellees.

_____

**ON APPEAL FROM A FINAL ORDER OF THE UNITED STATES
DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS**

_____

**RESPONDENTS' MOTION TO DISMISS
PETITIONER'S APPEAL FOR MOOTNESS**

_____

Respondents move to dismiss Petitioner-Appellant Kujoe Agyei-Kodie's habeas petition as moot because his is no longer detained under the pre-order detention provisions of Immigration and Nationality Act ("INA") § 236(c), 8 U.S.C. § 1226(c). Petitioner's order of removal became final on October 8, 2010 when the Board of Immigration Appeals ("Board") denied Petitioner's appeal. *See* Resp. Ex. A, "Decision of Board of Immigration Appeals." Consequently,

Petitioner's detention is now governed by INA § 241, 8 U.S.C. § 1231 – a wholly different statute for the detention of post-removal aliens. Because his continuing detention is authorized by 8 U.S.C. § 1231, Petitioner's habeas challenge to his detention under 8 U.S.C. § 1226(c) is now moot, the Court should dismiss this appeal.

## BACKGROUND

Petitioner appeals the denial of his habeas petition by the district court. Petitioner challenged his continued detention under INA § 236(c), 8 U.S.C. § 1226(c), which requires the Government to detain criminal aliens such as Petitioner pending their removal proceedings. The habeas petition contains a number of arguments as to why INA § 236(c) does not govern Petitioner's detention, but Petitioner's core contention is that his criminal conviction does not support his detention under the statute. *See* Br. of Appellant at 7-9.

Petitioner is no longer in removal proceedings and has been ordered removed. The Immigration Judge ordered him removed to Ghana on March 25, 2010. Ex. A. Petitioner appealed to the Board, which denied his appeal on October 8, 2010. *Id*. Petitioner became subject to a final removal order on that date. *See* INA § 101(a)(47)(B)(i), 8 U.S.C. § 1101(a)(47)(B)(i) (a removal order becomes final upon "a determination by the Board of Immigration Appeals

affirming such order"); *see also* 8 C.F.R. § 1241.1(a) ("An order of removal made by the immigration judge at the conclusion of proceedings . . . shall become final . . . [u]pon dismissal of an appeal by the Board of Immigration Appeals.")

Moreover, with the Board's denial of Petitioner's appeal on October 8, 2010, the deadline for him to file a petition for review with this Court expired on November 8, 2010. INA § 242(b)(1), 8 U.S.C. § 1252(b)(1) ("The petition for review must be filed not later than 30 days after the date of the final order of removal.").[1] Accordingly, Petitioner's order of removal is administratively and judicially final.

## ARGUMENT

### A.   Overview of the pre- and post-final order detention provisions.

Aliens who have been admitted to the United States but who are in removal proceedings are generally detained under the discretionary detention provisions of 8 U.S.C. § 1226. *See Demore v. Kim*, 538 U.S. 510, 517-18 (2003). Congress created an exception to the discretionary detention provisions of section 1226(a) with regard to certain criminal aliens. Aliens who have committed certain enumerated offenses are subject to mandatory detention and may not be released

---

[1] Petitioner also previously filed a petition for review with this Court which was dismissed for want of prosecution on March 12, 2010. *KuJoe Agyei Kodie v. Eric Holder, Jr.,* No. 10-60111 (5th Cir. Mar. 12, 2010).

barring certain exceptional circumstances.  *See* 8 U.S.C. §§ 1226(c)(1)(A)-(D), and (c)(2).

However, the detention of aliens subject to a removal order – like Petitioner – is authorized by 8 U.S.C. § 1231.  Under 8 U.S.C. § 1231(a)(1)(A), once an alien is ordered removed, the Secretary of Homeland Security "shall remove the alien from the United States within a period of 90 days."  During this statutory ninety-day period, Immigrations and Customs Enforcement ("ICE") must detain the alien.  *See* 8 U.S.C. § 1231(a)(2).  Once the ninety-day period has ended, 8 U.S.C. § 1231(a)(3) authorizes the Department of Homeland Security ("DHS") to continue an alien's detention or to release him under supervision.  Additionally, under 8 U.S.C. § 1231(a)(6), DHS may detain certain criminal aliens beyond the ninety-day period if DHS finds that the alien is a danger to the community or unlikely to comply with removal efforts.

In *Zadvydas v. Davis*, the Supreme Court interpreted 8 U.S.C. § 1231(a)(6) – the provision allowing detention beyond the 90-day removal period – to limit post-removal detention to a period "reasonably necessary to bring about the alien's removal from the United States."  533 U.S 678, 689 (2001).  The Court held that post-removal detention for six months is "presumptively reasonable."  *Id*. at 701.  Beyond six months, if removal is no longer reasonably foreseeable, the statute

does not authorize continued detention. *Id*. at 699. Thus, if an alien provides in a habeas petition good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. *Id*. at 701.

### B. Petitioner's detention challenge under 8 U.S.C. § 1226 is moot.

This Court should dismiss this appeal because Petitioner's habeas petition is now moot. Petitioner is no longer detained under 8 U.S.C. § 1226(c), and his challenge to his detention under that statute no longer presents a case or controversy.

"Whether an appeal is moot is a jurisdictional matter, since it implicates the Article III requirement that there be a live case or controversy. In the absence of its being raised by a party, this court is obliged to raise the subject of mootness *sua sponte*." *Bailey v. Southerland,* 821 F.2d 277, 278 (5th Cir.1987) (citing *Donovan v. Air Transport District Lodge No. 146*, 754 F.2d 621, 624 (5th Cir.1985)); *see also*, *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (a claim becomes moot when it no longer presents a case or controversy under Article III, § 2, of the Constitution.) To satisfy the case or controversy requirement, the petitioner must either have suffered, or be threatened with, an actual injury that is traceable to the defendant and likely to be redressed by a favorable judicial decision. *Spencer*, 523

U.S. at 7 (citations omitted). Moreover, if, as here, an event occurs that prevents a federal appellate court from granting any effectual relief whatever to a prevailing party on appeal, the controversy is "moot," and the appeal must be dismissed. *Willy v. Administrative Review Bd.*, 423 F.3d 483, 494 n.50 (5th Cir. 2005) (citations omitted); *see also, Motient Corp. v. Dondero,* 529 F.3d 532, 537 (5th Cir. 2008) (citing *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992) (internal citation omitted)) (federal courts cannot give opinions on moot questions or abstract propositions, and thus an appeal must be dismissed when an event occurs while a case is pending on appeal that makes it impossible for the court to grant any effectual relief whatever to a prevailing party.).

Petitioner's habeas petition challenged his detention under § 1226(c) . However, once Petitioner was ordered removed (an order that is now judicially final), his detention was governed by 8 U.S.C. § 1231(a), not 8 U.S.C. § 1226(c). *See Zadvydas*, 533 U.S. at 682-83; *Yaw v. Acosta*, 138 Fed.Appx. 600, 600-01 (5th Cir. 2005) (unpublished)[2]; *see also De La Teja v. U.S.*, 321 F.3d 1357, 1363 (11th

---

[2] "Further, because [Petitioner] was not detained under 8 U.S.C. § 1226(c) when he filed the instant 28 U.S.C. § 2241 application, he lacked Article III standing to challenge his detention under 8 U.S.C. § 1226(c). *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). Finally, because [Petitioner] did not challenge his post-removal detention under 8 U.S.C. § 1231(a) in the district court, this court need not consider it. *See Flores Garza v. INS*, 328 F.3d 797, 804 n.7 (5th Cir. 2003)." *Yaw*, 138 Fed.Appx. 600-01.

Cir. 2003) (detention under 8 U.S.C. § 1226(c) governs only detention prior to a final removal order while 8 U.S.C. § 1231 "controls the detention and removal of an alien subject to a final order of removal"); *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006); *Oyelude v. Chertoff*, 170 Fed. Appx. 366, 367-68 (5th Cir. 2006) (unpublished) (alien's habeas challenge over his detention under 8 U.S.C. § 1226 was moot, where his detention arose under 8 U.S.C. § 1231 after the Board's issuance of a final removal order).

This Court should dismiss Petitioner's appeal because it no lacks jurisdiction to consider Petitioner's challenge to his detention. 8 U.S.C. § 1226(c); *Motient Corp.,* 529 F.3d at 537; *see also, De La Teja*, 321 F.3d at 1363 (it is "unnecessary and altogether inappropriate" for a court to consider the validity of petitioner's detention under 8 U.S.C. § 1226, when he is now being detained per 8 U.S.C. § 1231, because any opinion regarding Petitioner's detention under 8 U.S.C. § 1226 "would be purely advisory in nature.").

### C. Any Detention Challenge Under 8 U.S.C. § 1231 Is Premature And The Court Should Dismiss It.

Moreover, Petitioner has no basis to challenge his current detention under 8 U.S.C. § 1231(a) pending his removal. Liberally construing his *pro se* brief as challenging his continued detention as unlawfully indefinite, this Court must

7

nevertheless conclude Petitioner's challenge is simply not ripe because he remains in the presumptively lawful post-order removable period articulated in *Zadvydas*. *See Andrade*, 459 F.3d. at 543-44 (applying *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001)).

Under 8 U.S.C. § 1231(a)(1)(A), when an alien is ordered removed, the Secretary of Homeland Security "shall remove the alien from the United States within a period of 90 days." During this ninety-day removal period, ICE is required to detain the alien. 8 U.S.C. § 1231(a)(2) ("During the removal period, the Attorney General shall detain the alien."). The ninety-day period begins on the latest of the following: (i) the date the removal order becomes administratively final; (ii) if the order is judicially reviewed and the court issues a stay of removal, the date of the court's final order; or (iii) if the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement. 8 U.S.C. § 1231(a)(1)(B); *Andrade*, 459 F.3d 542-43.

Here, Petitioner's removal period under 8 U.S.C. § 1231 began on October 8, 2010 – the date the Board denied his appeal. *See* 8 U.S.C. § 1231(a)(1)(B)(i). During this time period, ICE has the mandatory statutory authority to detain Petitioner, and such detention is authorized under *Zadvydas*. *See* 533 U.S. at 701. Accordingly, this Court cannot consider Petitioner's appeal in the context of a

challenge to detention under 8 U.S.C. § 1231, because Petitioner's detention is lawful. *Andrade*, 459 F.3d at 543 ("*Zadvydas* thus created a "6-month presumption" of the validity of detention under § 1231, after which an alien could attack the reasonableness of his continued detention." (emphasis added)); *Okpuju v. Ridge*, 115 Fed. Appx. 302, 302 (5th Cir. 2004) (unpublished) (noting that the petitioner's claim regarding his continued detention was premature because the petitioner had not yet been in custody longer than the "presumptively reasonable six-month post-removal order period" set forth in *Zadvydas*).

## CONCLUSION

This appeal is moot. Petitioner is no longer detained under 8 U.S.C. § 1226(c), but under 8 U.S.C. §1231 – a wholly different detention authority. Any challenge to §1231 detention is premature under *Zadvydas*. The Court should dismiss the appeal. Due to the dispositive nature of this motion, Respondents seek an extension of time for and leave to file their response to Petitioner's opening brief after the Court rules on this motion to dismiss.

Respectfully submitted,

TONY WEST
Assistant Attorney General
United States Department of Justice
Civil Division

DAVE KLINE
Director
Office of Immigration Litigation
District Court Section

THEODORE W. ATKINSON
Senior Litigation Counsel
Office of Immigration Litigation
District Court Section


*s/Scott M. Marconda*_____
SCOTT M. MARCONDA
Attorney
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 305-4831

November 30, 2010     Attorneys for Respondents-Appellees

# CERTIFICATE OF SERVICE

I hereby certify that on November 30, 2010, I directed that one copy of RESPONDENTS' MOTION TO DISMISS PETITIONER'S APPEAL FOR MOOTNESS was served on *pro se* Petitioner by U.S. mail carrier, postage prepaid and addressed to:

> KuJoe Bonsafo Agyei-Kodie
> [NTC Pro Se]
> A#072-732-130
> Karnes County Correctional Center
> 810 Commerce Street
> Karnes City, TX 78118-0000

> *s/Scott M. Marconda*
> SCOTT M. MARCONDA
> Attorney
> U.S. Department of Justice
> Civil Division
> Office of Immigration Litigation
> District Court Section
> P.O. Box 868, Ben Franklin Station
> Washington, DC 20044
> (202) 305-4831

# CERTIFICATE OF INTERESTED PERSONS

Pursuant to Fifth Circuit Rule 28.2.1., the undersigned counsel certifies that the following listed non-government persons and entities may have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualifications or recusal.

1. KuJoe Bonsafo Agyei-Kodie, Petitioner.

                                               *s/Scott M. Marconda*  
                                               SCOTT M. MARCONDA  
                                               Attorney  
                                               U.S. Department of Justice  
                                               Civil Division  
                                               Office of Immigration Litigation  
                                               District Court Section  
                                               P.O. Box 868, Ben Franklin Station  
                                               Washington, DC 20044  
                                               (202) 305-4831

November 30, 2010                     Attorneys for Respondents-Appellees

# EXHIBIT A

U.S. Department of Justice                                  Decision of the Board of Immigration Appeals
Executive Office for Immigration Review

Falls Church, Virginia 22041

File: ███████ - Los Fresnos, TX                    Date:    OCT 08 2010

In re:  KUJOE BONSAFO AGYEI-KODIE

IN REMOVAL PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT:    Pro se

ON BEHALF OF DHS:           Jason Goodchild
                            Assistant Chief Counsel

CHARGE:

   Notice:  Sec.   237(a)(1)(C)(i), I&N Act [8 U.S.C. § 1227(a)(1)(C)(i)] -
                   Nonimmigrant - violated conditions of status

APPLICATION:    Termination

   The respondent, a native and citizen of Ghana, has appealed from the decision of the Immigration Judge dated March 25, 2010, finding the respondent removable pursuant to the charge listed in the Notice to Appear. The respondent does not claim any relief from removal and only appeals his removability. The appeal will be dismissed.

   We review the findings of fact, including the determination of credibility, made by the Immigration Judge, under a "clearly erroneous" standard. 8 C.F.R. § 1003.1(d)(3)(i) (2010). We review all other issues, including whether the parties have met the relevant burden of proof, and issues of discretion, under a *de novo* standard. 8 C.F.R. § 1003.1(d)(3)(ii); *Matter of A-S-B-*, 24 I&N Dec. 493 (BIA 2008).

   The respondent entered the United States on or about June 26, 1997, on a nonimmigrant student visa, subject to the requirement that he attend an academic program as a full-time student (I.J. at 1).[1] In September 2008, the respondent was expelled from ███████ University because he was the subject of criminal charges (I.J. at 1; Exh. 4). The Department of Homeland Security ("DHS") then issued a Notice to Appear, charging the respondent with removal based upon the termination of his student status. During removal proceedings, the respondent alleged that his expulsion was not final because it was under appeal, and that most of the criminal charges that formed the basis of the expulsion had been dismissed. The Immigration Judge sustained the charge of removal because the

---

[1] He entered the United States on an exchange student ("J-1") visa. His status was changed from J-1 to academic student ("F-1") in September 1997 (Exh. 1).

EXHIBIT "A"

A072 732 130

expulsion had not been reversed and the respondent was still not an enrolled student (I.J. at 2). *See* 8 C.F.R. § 214.2(f)(5). The respondent declined to request asylum or voluntary departure; therefore, the Immigration Judge ordered him removed (I.J. at 3).

We adopt and affirm the decision of the Immigration Judge that the respondent is removable. *See Matter of Burbano*, 20 I&N Dec. 872, 874 (BIA 1994). Since he is no longer a full-time student, the respondent's status has lapsed and he has therefore stayed beyond the period authorized by his visa. On appeal, the respondent continues to contend that his expulsion is on appeal and therefore is not final (Respondent's Br. at 5-6). However, there is nothing in the record to indicate that the letter of expulsion he received in September 2008 has been reversed or that the university now considers the respondent to be a full-time enrolled student.

The respondent also appeals his detention. We note that bond and removal proceedings are distinct. The Board does not have the authority to review the respondent's custody status in these proceedings. *See* 8 C.F.R. § 1003.19(d); *Matter of P-C-M-*, 20 I&N Dec. 432 (BIA 1991); *Matter of Balderas*, 20 I&N Dec. 389, 392 (BIA 1991). We also decline to address the respondent's argument that his constitutional rights have been violated (Respondent's Br. at 23, 24, 27). We do not have jurisdiction to review the process in his criminal case, and we also generally lack jurisdiction over constitutional challenges to the statutes we administer. *See Matter of Patel*, 19 I&N Dec. 774, 788 (BIA 1988). Accordingly, the following order shall be entered.

ORDER: The respondent's appeal is dismissed.

_____
FOR THE BOARD

2

EXHIBIT "A"



U.S. Department of Justice

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

*5107 Leesburg Pike, Suite 2000*
*Falls Church, Virginia 22041*

**AGYEI-KODIE, KUJOE BONSAFO**
**A#**
**810 COMMERCE STREET**
**KARNES CITY, TX 78118**

Office of the District Counsel/PIS
P.O. Box 1711
Harlingen, TX 78551

**Name: AGYEI-KODIE, KUJOE BONSAFO**   A

<u>D</u>ate of this notice: 10/8/2010

Enclosed is a copy of the Board's decision and order in the above-referenced case.

Sincerely,

*Donna Carr*

Donna Carr
Chief Clerk

Enclosure

Panel Members:
    Malphrus, Garry D.

**EXHIBIT "A"**